## STATE EX REL. ALLEN WHEELER, JR. *vs.* ANDREW AVERY.

The act of 1874 provides that at any electors' meeting the registrars of the town shall appoint an elector as box-tender; that at all electors' and town meetings the selectmen shall appoint the moderator; that no person shall have charge of the ballot box except the person duly appointed box-tender; that no person known to be a candidate for any office shall be put in charge of the ballot box in which votes are deposited for such office; and that any violation of these provisions by any candidate shall render the votes cast for him void. The

statute was entitled an act concerning electors and elections, and its other sections related wholly to that subject, the duties of registrars appointed under it being limited to electors' meetings. Held that the provisions of the statute with regard to box-tenders and its invalidation of the elections of candidates who were in charge of the ballot boxes, did not apply to town meetings.

INFORMATION in the nature of a quo warranto, brought to the Superior Court in New London County. The information charged the respondent with usurping the office of selectman of the town of North Stonington. The respondent denied the usurpation and alleged in his plea that he was lawfully elected to the office. The Attorney for the State filed a replication alleging that, at the town meeting at which the respondent was elected to the office, the respondent was appointed by the selectmen of the town to be the moderator of the meeting, and that he thereupon took charge of the ballot box provided for the reception of votes for selectmen of the town and for the space of an hour continued in charge of the box; that while he was so in charge of the box ballots were given in by the voters of the town for selectmen and deposited in the box, of which ballots a large number were for the respondent and were counted with the other ballots cast during the day and allowed in his favor, and that it was only by the ballots so cast during the day for the respondent that he was chosen a selectman of the town; that it was well known while the respondent was so in charge of the ballot box that he was one of the candidates for whom votes were being cast for the office of selectman; and that, by reason of these facts, all the votes cast for the respondent for that office at that meeting were void.

To this replication the respondent demurred. The court (*Hitchcock, J.,*) overruled the demurrer, and rendered a judgment of ouster against the respondent, who brought the record before this court by a motion in error.

The statute relating to the matter is the tenth section of the act of 1874 relating to electors and elections, and is as follows :—

"At every elector's meeting in this state, and at every election of city or ward officers of any city by the legal

voters thereof, the registrars of each town or district, as the case may be, shall appoint a suitable and trustworthy elector, residing in such district or town, for each ballot-box, to be box-tender. * * * The selectmen of the town, at all electors' meetings and town meetings, shall designate the moderator of such meeting, and in those towns where there are voting districts, they shall designate the moderators in the several voting districts. No person shall have charge of any ballot-box during the taking of any vote except the particular person or persons duly appointed thereto, and no person who is known to be a candidate for any office shall be put in charge of the box in which such candidate is to be voted for, or take part in the count of the votes of such box; and any violation of this section by any candidate for office shall render the votes cast for him void."

*Wait* and *Pratt*, for the plaintiff in error.

*Hovey* and *Halsey*, for the defendant in error.

PHELPS, J. The demurrer in this case raises the question of the sufficiency of the replication to the return of the respondent, and involves the construction of section 10 of the act of 1874, entitled "An act in addition to and in alteration of an act relating to electors and elections." Acts of 1874, chap. 91.

This section relates exclusively to the appointment, and prescribes the duties, of those who shall be designated to tend the ballot boxes in the respective towns, and to the appointment of moderators. The last named officers are appointed by the selectmen for both electors' and town meetings, but the provision with respect to box-tenders is limited to electors' meetings. The appointment of them is required to be made by the registrars, whose duties relate only to matters connected with electors' meetings, and they are prohibited from placing in charge of the ballot box any person known to be a candidate to be voted for at any such meeting, and the votes cast for any candidate having been placed in charge of the box are to be declared void.

In his replication the relator alleges that the respondent, while a candidate for selectman in the town of North Stonington, acted as moderator of the town meeting and took charge of the ballot box provided for the reception of votes, and that while in charge of the ballot box votes were given in for him and afterwards counted, by which he was declared to be elected, and by virtue of which election he assumes to exercise the duties of said office.

To have made void the votes cast for the respondent and invalidate his election, it should have appeared in the replication that the meeting at which he was a candidate and had charge of the ballot box was an electors' meeting, and as the contrary appears the demurrer should have been sustained.

There is error in the judgment complained of.

In this opinion the other judges concurred; except FOSTER, J., who dissented.